IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Miguel Cruz, | Case No. 4:14 CV 1885 |
|       Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| FCI Elkton Warden, | |
|       Respondent. | |

Petitioner Miguel Cruz, a federal prisoner currently incarcerated in the Federal Correctional Institution in Elkton, Ohio, filed a pro se Petition pursuant to 28 U.S.C. § 2241 (Doc. 1). He states he is serving an 87-month sentence imposed in 2010 by the U.S. District Court for the District of Maryland.

The Petition is before this Court for an initial screening. Although pro se pleadings are evaluated under a more lenient standard than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), this Court must deny a petition if it "appears from the [petition] that the [petitioner] or person detained is not entitled [to the relief]." 28 U.S.C. § 2243. *See also Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). At the screening stage, the petition is liberally construed, and petitioner's allegations are accepted as true. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Even with liberal construction, Petitioner is not entitled to the relief he seeks. Petitioner contends the prison warden and his staff recommended he be placed in a Residential Reentry Center (RRC) for 1–90 days, but he contends his situation compels "more time in the RRC" and asks this Court to order the Bureau of Prisons to "consider [him] on correct facts for more time" (Doc. 1 at 8). He contends the failure of the warden and his staff to recommend him for more time in a RRC is not a rational agency decision and does not comply with law and the regulation and policy.

Congress amended the statutory provisions granting authority to the Bureau of Prisons to determine an inmate's eligibility for RRC placement in the Second Chance Act of 2008, 18 U.S.C. § 3624(c). *Lovett v. Hogsten*, 2009 WL 5851205 (6th Cir. 2009). The statute provides that the Bureau of Prisons shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Pursuant to the administrative regulations accompanying the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b), which include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *Lovett*, 2009 WL 5851205*,* at *1.

Thus, "the Second Chance Act does not guarantee a one-year placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for *up to* the final twelve months of his or her sentence." *Id.* at *2 (emphasis in original).

2

Here, the Petition clearly shows the Bureau of Prisons evaluated Petitioner for placement in a RRC according the appropriate factors set out in the Second Chance Act in determining the duration of Petitioner's placement (Doc. 1-1 at 2). Although Petitioner is dissatisfied with the Bureau of Prisons's assessment, he cannot establish a constitutional violation because nothing in the Second Chance Act or 18 U.S.C. § 3621(b) entitles him to any guaranteed placement in a RRC. Rather, the Bureau of Prisons has discretion to determine the duration of his placement according to the Section 3621(b) factors. *See, e.g.*, *Lovett*, 2009 WL 5851205, at *2 (affirming dismissal of Section 2241 petition where the prison unit team considered appropriate factors and followed proper procedure in recommending prisoner's placement in a RRC).

## CONCLUSION

For the reasons stated above, the Petition under 28 U.S.C. § 2241 is denied and this action is dismissed. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 11, 2014